**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>KAMURAN CORTUK,<br><br>Debtor. | Bankruptcy Action No. 17-34019 (CMG) |
| NURI C. AYAR,<br><br>Appellant,<br><br>v.<br><br>BUNCE D. ATKINSON, TRUSTEE FOR THE DEBTOR ESTATE OF KAMURAN CORTUK,<br><br>Appellee. | Civil Action No. 22-1690 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Appellant Nuri C. Ayar's ("Ayar") appeal from the Bankruptcy Court's denial of Appellee Bunce D. Atkinson's, Trustee for the Debtor Estate of Kamuran Cortuk (the "Trustee"), Motion to Approve Compromise under Federal Rule of Bankruptcy Procedure 9019 ("Rule 9019"), dated March 15, 2022 (the "Bankruptcy Order," Bankr. ECF No. 347).[1] (Notice of Appeal, ECF No. 1.) Ayar filed an opening brief (ECF No. 5), the Trustee opposed (ECF No. 9), and Ayar did not reply. The Court has carefully considered the

---

[1] Docket entries from the underlying bankruptcy case, *In re Cortuk*, No. 17-34019 (Bankr. D.N.J.), are designated as "Bankr. ECF No."

parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court denies Ayar's appeal and affirms the Bankruptcy Order.

I. **BACKGROUND**

This matter arises out of the underlying bankruptcy case of Kamuran Cortuk ("Cortuk"). The Trustee filed an adversary proceeding against Ayar, among others, seeking to compel Ayar to turn over certain assets of the bankruptcy estate, including shares and ownership interests in the Iron Bridge Companies ("Iron Bridge"), a creditor to Cortuk's estate. (Ayar's Moving Br. 4, ECF No. 5.) After more than two years of litigation, the Trustee, Ayar, and Iron Bridge agreed to a proposed Settlement Agreement (the "Settlement") that, upon approval by the Bankruptcy Court, would have terminated all claims between them and foreclosed the possibility of future claims, in exchange for Ayar receiving a right of first refusal to buy an asset seized by the Trustee: the property located at 5 Spy Glass Court, Monroe Township, NJ 08831 (the "Spy Glass Property"). (*Id.* at 4-5; *see generally* Settlement 2, ECF No. 5; Bankr. ECF No. 334.) The Trustee moved to approve the Settlement under Rule 9019 and submitted an accompanying brief reflecting his position in favor of the Settlement.[2] (Bankr. ECF No. 336.) The Bankruptcy Court denied the Trustee's motion at a hearing and issued the subject of this action, the Bankruptcy Order, with a bench decision. (*See generally* Bank. Hr'g Tr. Mar. 15, 2022 ("Mar. 15, 2022 Tr."), Bankr. ECF No. 373; Bankruptcy Order.) Dissatisfied with the Bankruptcy Court's ruling, Ayar filed the instant appeal before this Court and a motion to stay the sale of the Spy Glass Property before the Bankruptcy Court; the stay was denied, and while this appeal was pending, the Spy Glass Property was sold. (*See* Bankr. Min. Entry May 19, 2022; Bankr. ECF Nos. 349, 365, 379.)

---

[2] Under Rule 9019, "[o]n motion by the trustee and after notice and a hearing, [a bankruptcy judge] *may* approve a compromise or settlement." Fed. R. Bankr. P. 9019(a) (emphasis added); *see also In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996).

2

## II. LEGAL STANDARD

A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees pursuant to 28 U.S.C. § 158(a)(1). District courts review bankruptcy courts' findings of fact for clear error, conclusions of law *de novo*, and exercises of discretion for abuse thereof. *In re United Healthcare Sys., Inc.*, 396 F.3d 247, 249 (3d Cir. 2005) (citations omitted). In this matter, Ayar appeals from the Bankruptcy Court's denial of the proposed Settlement, which is reviewed for abuse of discretion. *See In re Summit Metals, Inc.*, 477 F. App'x 18, 20 (3d Cir. 2012); *see also Martin*, 91 F.3d at 393.[3] An appellate court should not easily disturb a bankruptcy court's exercise of discretion unless it possesses a "definite and firm conviction" that the court committed a "clear error" of judgment in reaching its conclusion. *Travelers Cas. & Sur. Co. v. Future Claimants Representative*, No. 7-2785, 2008 WL 821088, at *3 (D.N.J. Mar. 25, 2008) (quoting *In re Nutraquest, Inc.*, 434 F.3d 639, 645 (3d Cir. 2006)). As such, "[a] bankruptcy court abuses its discretion only if no reasonable person could take the view it adopted, meaning that that [sic] if reasonable minds could differ, then it cannot be said the [bankruptcy court] abused its discretion." *In re J & J Pizza, Inc.*, No. 21-13729, 2022 WL 4082059, at *3 (D.N.J. Sept. 6, 2022) (second alteration in original) (citations omitted) (internal quotation marks omitted).

## III. DISCUSSION

Ayar raises two issues on appeal that collectively boil down to one question—did the Bankruptcy Court abuse its discretion in rejecting the Settlement? (*See* Notice of Appeal 1.) Answering that question in the affirmative, Ayar argues that it was an abuse of discretion to reject

---

[3] Ayar cites various standards of review throughout his brief but asks this Court to review whether the Bankruptcy Court's denial of the Settlement was proper under an abuse of discretion standard. (Ayar's Moving Br. 8-10.) To be clear, a Bankruptcy Court's decision to approve or deny a settlement under Bankruptcy Rule 9019 is analyzed under an abuse of discretion standard. *See In re Wash. Mut., Inc.*, 848 F. App'x 84, 87 (3d Cir. 2021) (citing *Martin*, 91 F.3d at 393).

the Settlement because the Court failed to apply the four *Martin* factors established by the Third Circuit that guide the approval of a settlement, delineated further below. (Ayar's Moving Br. 9.) Meanwhile, the Trustee opposes the appeal on two primary grounds, arguing: (1) that the appeal is moot under § 363(m) of the Bankruptcy Code (11 U.S.C. § 363(m)); and (2) that the Bankruptcy Court did not abuse its discretion in denying the Settlement.[4] (*See generally* Trustee's Opp'n Br., ECF No. 9.) The Court must first answer the question of statutory mootness under § 363(m) before proceeding to analyze the merits of the Bankruptcy Court's decision. *In re 388 Route 22 Readington Holdings, LLC*, No. 20-1252, 2020 WL 4282748, at *3 (D.N.J. July 27, 2020) (citing *Cinicola v. Scharffenberger*, 248 F.3d 110, 127 n.19 (3d Cir. 2001)).

"To promote certainty and finality in bankruptcy sales," § 363(m) provides that "[t]he reversal or modification on appeal of an authorization . . . of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith"; this is true notwithstanding the pendency of an appeal, unless such authorization and sale were stayed pending appeal. *Cinicola*, 248 F.3d at 121-22 (quoting 11 U.S.C. § 363(m)). "Accordingly, there are two prerequisites for section 363(m) 'statutory' mootness: (1) the underlying sale or lease was not stayed pending the appeal, and (2) the court, if reversing or modifying the authorization to sell or lease, would be affecting the validity of such a sale or lease." *Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc.*, 141 F.3d 490, 499 (3d Cir. 1998).

---

[4] The Trustee further contends that Ayar lacks standing "as both a contractual matter and under Rule 9019 to appeal the bankruptcy's court's decision, which by its terms, permits only the Trustee to do so." (Trustee's Opp'n Br. 2, 7-8.) Although it appears that parties other than a trustee may have standing to challenge a bankruptcy court's decision on a settlement, the Court need not address the Trustee's alternative arguments, as it denies Ayar's appeal on other grounds. *See In re RFE Indus., Inc.*, 283 F.3d 159, 163-64 (3d Cir. 2002) (explaining that a party "clearly adversely affected" by a settlement has standing to object to it, even if not a party to the settlement).

Here, it is undisputed that the first prerequisite for statutory mootness is present—Ayar failed to obtain a stay of the sale pending appeal, and the Trustee sold the Spy Glass Property. (*See* Bankr. ECF No. 365; Bankr. Min. May 19, 2022.) As for the second prerequisite, however, Ayar does not challenge the Bankruptcy Court's Order approving the sale of the Spy Glass Property, nor does he explicitly ask the Court to set aside the property sale. (Ayar's Moving Br. 12.) Instead, Ayar's appeal centers on the Bankruptcy Order denying the Settlement and asks that the Court approve the Settlement. (*Id.*) But even if the Court were to approve the Settlement, doing so would not affect the "certainty" or "finality" of the sale of the Spy Glass Property, given that the Settlement provides Ayar only with a *right of first refusal* as to the Spy Glass Property. *Cinicola*, 248 F.3d at 121-22. (*See* Settlement ¶ 7(c) (Mr. Ayar acknowledges that no provision of this [Settlement] is dependent upon a sale of the Spy Glass Property to him. Rather, this [Settlement] grants Mr. Ayar solely a right of first refusal . . . .").)[5] What's more, the sale of the Spy Glass Property to Ayar was always subject to approval by the Bankruptcy Court. (*See* Settlement ¶ 7(c).) For these reasons, and because case law concerning § 363(m) typically dismisses appeals as moot where the subject of those appeals is a bankruptcy court's *sale* order, the Court declines to dismiss the appeal on the basis of § 363(m) and turns next to the merits of the appeal. *See In re Culp*, 681 F. App'x 140, 144 (3d Cir. 2017) (dismissing an "appeal of the sale order because it is moot"); *Readington Holdings*, 2020 WL 4282748, at *3-6 (similar); *In re Hastings*, No. 08-5353, 2009 WL 564240, at *3-4 (D.N.J. Mar. 5, 2009) (similar).

---

[5] The Bankruptcy Court and the parties seem to agree that the Settlement term "right of first refusal" is a misnomer and that actually, if the Settlement were to proceed, Ayar would be given the option to purchase the Spy Glass Property at a discount. (Mar. 15, 2022 Tr. 9:12-17, 14:24-15:3.) The Court, however, finds the distinctions here to be without a difference because in any event, the Settlement, as written, was not dependent upon a completed sale of the property to Ayer. (*See* Settlement ¶ 7(c).)

5

"[T]he ultimate issue on appeal is whether the bankruptcy court abused its discretion when it disapproved the [Settlement]." *Martin*, 91 F.3d at 393. Settlement compromises are generally favored in bankruptcy. *In re Annunziata*, No. 17-1864, 2018 WL 1091291, at *5 (D.N.J. Feb. 28, 2018) (citing *In re Wash. Mut., Inc.*, 442 B.R. 314 (D. Del. 2011)). The approval or rejection of a settlement is committed to the sound discretion of the bankruptcy court. *Id.* (citations omitted). In considering whether to approve a settlement, a bankruptcy court is required "to assess and balance the value of the claim[s] . . . being compromised against the value to the estate of the acceptance of the compromise proposal." *Martin*, 91 F.3d at 393. To strike this balance, bankruptcy courts consider four criteria: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Id.* (citing *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986)). Ayar urges this Court to reverse the decision of the Bankruptcy Court and approve the Settlement in light of *Martin*, which according to Ayar, the Bankruptcy Court failed to consider. (*See generally* Ayar's Moving Br.)

The Court is not persuaded that the Bankruptcy Court abused its discretion. To the contrary, there is ample evidence that the Bankruptcy Court considered the factors set forth in *Martin*. Ayar's own brief is evidence of this consideration. For example, Ayar notes that during the hearings on the Trustee's Rule 9019 motion, the Bankruptcy Court focused on the monetary discount Ayar would receive for the Spy Glass Property pursuant to the terms of the Settlement and balanced it with the value the Spy Glass Property might receive from a sale on the seller-friendly open market, which is exactly what the Bankruptcy Court was required to do under the fourth *Martin* factor. (*See* Ayar's Moving Br. 9; Mar. 15, 2022 Tr. 14:4-17.) Moreover, the fact that the Bankruptcy Court concluded that the estate would garner a higher price for the Spy Glass Property on the open

market makes it clear that the Bankruptcy Court weighed the threat of further "expense," "inconvenience," and "delay" of any remaining litigation with Ayar and found it marginal. (*See* Ayar's Moving Br. 9; Mar. 15, 2022 Tr. 15:4-14.) Indeed, the Bankruptcy Court appears to have further considered the third *Martin* factor, as well as the first, because it looked at Ayar's outstanding claims in the matter and remarked that at least some of them were "going nowhere." (Mar. 15, 2022 Tr. 8:21-9:11.) "Discount[ing]" the value of Ayar's claims and their effect on the bankruptcy estate is not the same as failing to consider the *Martin* factors altogether. (*See* Ayar's Moving Br. 9.) Rightly so, the Bankruptcy Court considered other circumstances that, altogether, support a rejection of the Settlement: (1) the Trustee's intent to withdraw his claims against Ayar would decrease the expense of further litigation (third *Martin* factor); (2) Ayar's arguments in favor of continued litigation were speculative (third *Martin* factor); and (3) other, larger competing creditor claims would take precedence over the Iron Bridge proof of claim (fourth *Martin* factor). (Trustee's Opp'n Br. 6-7; *see* Mar. 15, 2022 Tr. 7:2-10, 9:17-24, 14:4-15:15, 17:5-11.) Accordingly, consideration of the *Martin* factors supports the Bankruptcy Court's decision to disapprove of the Settlement. The Court, therefore, finds that the Bankruptcy Court did not abuse its discretion in considering and ultimately rejecting the proposed Settlement.

IV.   **CONCLUSION**

For the foregoing reasons, the Court denies Ayar's appeal. The Court will enter an Order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**